UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ROBERT ALLEN YOUNGBLOOD, II,                    |
     PLAINTIFF

VS.                                             |    CIVIL ACTION NO. 2:23-cv-26
                                            JURY

WILSON'S GUN SHOP, INC., D/B/A
WILSON COMBAT,
     DEFENDANT                                  |

---

## COMPLAINT

---

### TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, **ROBERT ALLEN YOUNGBLOOD, II**,(SSN 565, DL 440), herinafter referred to as **("YOUNGBLOOD")** brings this Complaint against Defendant, **WILSON'S GUN SHOP, INC., D/B/A WILSON COMBAT**, hereinafter referred to as **("WILSON COMBAT")**, and states as follows:

### INTRODUCTION

1.     Plaintiff, **ROBERT ALLEN YOUNGBLOOD, II**, was horribly injured when a 45 caliber Wilson Combat 1911 model pistol serial number WC6373 ("the subject pistol") designed, manufactured, marketed, distributed, and/or sold by Defendant discharged without a trigger pull. The subject pistol unintentionally discharged due to a defect which rendered the pistol unreasonably dangerous and unfit for its intended use. This safety defect causes the subject pistol to fire on slide release without a trigger pull. This defect results in the pistol firing unexpectedly and against the intentions of the pistol's user.

1

2. On or about the 21st day of February, 2021, during the evening hours, while **ROBERT ALLEN YOUNGBLOOD, II**, was loading his gun, he released the slide and the gun fired without a trigger pull, sending a round through his right foot. When the gun fired, **YOUNGBLOOD'S** finger was not on the trigger. The defect in the gun causes the subject pistol to fire even when the trigger was not pulled, causing **YOUNGBLOOD** to suffer serious injury.

3. In filing this lawsuit, **YOUNGBLOOD** does not wish or intend to disparage his or anyone's Second Amendment right to bear arms. Rather, Plaintiff seeks to hold Defendant to account for designing, manufacturing, marketing, distributing, and/or selling a pistol that is defective and unreasonably dangerous. **YOUNGBLOOD** brings this action to recover for the serious disabling injury caused when the subject pistol unintentionally discharged as a result of the safety defect referenced above.

## JURY DEMAND

4. Plaintiff hereby demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PARTIES

5. **ROBERT ALLEN YOUNGBLOOD, II ("YOUNGBLOOD")** is an adult resident citizen of Rusk County, Texas.

6. Defendant, **WILSON'S GUN SHOP, INC., D/B/A WILSON COMBAT ("WILSON COMBAT")**, is a corporation duly formed, for profit, under the laws of the state of Arkansas. Said Defendant was doing business in the state of Texas at all times material hereto. The registered agent for service of process upon **WILSON'S GUN SHOP, INC., D/B/A WILSON COMBAT,** is Billy J.

Wilson, who may be served at 2452 County Road 719, Berryville, Arkansas 72616-4574 or wherever he may be found.

## **JURISDICTION AND VENUE**

7.     Plaintiff is a citizen of the State of Texas.  Defendant, **WILSON COMBAT,** is an Arkansas corporation with its principal place of business in the state of Arkansas.  The amount in controversy, without interest and costs, exceeds $75,000.00.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, given that all of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  Plaintiff is a Texas resident who purchased the pistol at issue in Texas.  The incident giving rise to the Plaintiff's claims occurred in Texas.  Additionally, Texas is the location of evidence, witnesses, scene of the incident, medical treatment, and medical records.

## **FACTS**

### A.     *General Allegations*

9.     Defendant, **WILSON COMBAT**, at all times material hereto, either personally or

through an agent or representative:

   a.     Operated, conducted, engaged in or carried on a business venture in Texas, and the United States, and had an office or agency in Texas;

   b.     Were engaged in the solicitation and performance of service and marketing activities within the sate of Texas;

   c.     Delivered products to the State of Texas, including the subject firearm, in the ordinary course of commerce, trade, or use;

   d.     Engaged in substantial and not isolated activity within the State of Texas; and

3

> e.    Committed acts which subject Defendant to the jurisdiction of the courts of the State of Texas and this Court.

10.    The Defendant designed, inspected, tested, developed, manufactured, marketed, advertised, distributed, and/or sold the subject pistol, a Wilson Combat 1911 model 45 caliber pistol, serial number WC2673 that caused a serious and disabling injuries to **YOUNGBLOOD.**

11.    The Defendant caused the subject pistol to be distributed and is in the business of manufacturing, selling, and distributing pistols in various states within the United States, including the State of Texas, where **YOUNGBLOOD** resides.

12.    The Defendant expected the pistol to reach the user, including the Plaintiff, in substantially the same condition it was in when it was manufactured and when it left the custody and control of Defendant, or its agents and representatives.

13.    The subject pistol did indeed reach the Plaintiff in substantially the same condition it was in when it was manufactured, sold, and/or distributed by the Defendant.

**B.    *Background on the Safety Defect***

14.    The Defendants specifically designed, manufactured, marketed, and sold the subject pistol in a defective condition for its intended use.  The Subject Pistol was defective and unsafe for its intended purposes at the time it left the control of **WILSON COMBAT** and at the time it was purchased by **YOUNGBLOOD**.

15.    **YOUNGBLOOD** purchased the pistol in Texas.

16.    **YOUNGBLOOD** purchased the pistol in reliance upon it being a pistol that was safe to operate.

17.    **YOUNGBLOOD** purchased the pistol and maintained it in a condition which was

4

without substantial change from the condition it was in when it left the custody and control of Defendant, its agents and representatives.

**C.**     *The Unintended Discharge - Facts Related to YOUNGBLOOD's Injury*

18.     **YOUNGBLOOD** owned the subject pistol which was manufactured, marketed, sold and/or distributed by the Defendant.  **YOUNGBLOOD** purchased the pistol which came in a **WILSON COMBAT** case.

19.     The unintended discharged that injured **YOUNGBLOOD** happened in the evening hours of February 21, 2021 at his home.  He was leaving to travel to Henderson, Texas for dinner and when the slide was released, the pistol discharged without a trigger pull.  The bullet struck **YOUNGBLOOD'S** right foot.  The bullet shattered the bones and soft tissue in **YOUNGBLOOD'S** right foot causing severe injury.

20.     As a result of malfunction of the defective pistol and subsequent unintended discharge, Plaintiff suffered extensive tissue, bone, nerve, and muscle damages from the 45 caliber bullet, which required hospitalization and medical procedures.  This has left **YOUNGBLOOD** with permanent physical damage, traumatic arthritis and progressive  impairment which will adversly affect him for the remainder of his life.

## COUNT I
## NEGLIGENCE

21.     Plaintiff restates all of the preceding allegations as if fully restated herein.

22.     At all times material hereto, Defendant owed a duty of reasonable care to Plaintiff and to other foreseeable users of the subject pistol to design, equip, manufacture,  sell, distribute,

5

and market the pistol in a manner safe for its foreseeable users and foreseeable uses.

23. Defendant negligently breached its duties of care to Plaintiff in one or more of the following ways, to-wit:

a. Failing to properly design, equip, and manufacture the subject pistol with safety devices which performed in accordance with the owner's operator manual instructions and within the reasonable expectations of the ordinary user and consumer, including **YOUNGBLOOD**;

b. Failing to properly design, equip, and manufacture the subject pistol's safety devices and systems;

c. Designing and manufacturing a defective pistol which will fire without a trigger pull;

d. Designing and manufacturing a defective pistol which fires on slide release without a trigger pull;

e. Designing and manufacturing a pistol that would discharge without pulling the trigger;

f. Designing and manufacturing a pistol that would discharge on slide release;

g. Failing to employ available alternative designs which would have prevented the subject pistol from discharging as it did, injuring **YOUNGBLOOD**;

h. Failing to use and apply good, safe, usual, prevailing, and reasonable engineering principles and standards in designing, equipping, manufacturing, marketing, and distributing the subject pistol;

i. Failing to take adequate corrective action or preventative action;

6

  j.  Failing to adequately design, manufacture, test, and monitor the subject model pistol;

  k.  Failing to warn all of the above; and

  l.  In failing to conform the product design and specification such that it resulted in manufacturing a pistol that would discharge without a trigger pull.

24. As a result of the breach of Defendant's duty of care, the pistol poses an unreasonable risk of injury to users when the pistol is being used as it was intended and as an ordinary user would expect, and therefore it is not safe or suitable for its intended purpose.

25. As a direct and proximate result of the Defendant's negligence, **YOUNGBLOOD** was horribly injured.

26. As a direct and proximate result of the Defendant's conduct described herein, Plaintiff has suffered harm, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, and other damages allowable under Texas law.

27. Therefore, Plaintiff requests that this Court enter judgment against Defendant for damages, plus costs, such interest and other damages as may be allowed by law and demands a trial by jury of all issues so triable.

## COUNT II
## STRICT LIABILITY - MANUFACTURING DEFECT

28. Plaintiff restates all of the preceding allegations as if fully restated herein.

29. Defendant was and is engaged in the business of designing, manufacturing, testing, inspecting, distributing, and selling firearms, and did in fact design, manufacture, test, inspect,

distribute, sell and place into the stream of commerce the subject pistol, knowing and expecting that the pistol would be used by consumers and members of the public including consumers and members of the public residing in the State of Texas.

30. The subject pistol was dangerous because of a manufacturing defect. The pistol did not conform to the design and specifications of other pistols manufactured by Defendant in that it will discharge without a trigger pull on slide release.

31. Defendant designed, tested, developed, manufactured, marketed, advertised, imported, distributed, and sold the subject pistol in a defective condition that is unreasonably dangerous to the user who utilized in a foreseeable manner, as Defendant expected it would be used and as it was used by **YOUNGBLOOD**.

32. Among the defects in the pistol is its propensity to fire without a trigger pull and to fire on slide release even without a trigger pull.

33. The subject pistol is defective because of the manufacturing defect (i.e. the above described safety defects) as it was different from its intended design and failed to perform as safely as would had it been manufactured as designed.

34. Because of this manufacturing defect (i.e. the above described safety defects) the subject pistol was in a condition that posed an unreasonable risk of injury to users, including **YOUNGBLOOD**, when the pistol was used as it was intended and as an ordinary user would expect, and therefore the pistol was not safe or suitable for its intended purpose.

35. **YOUNGBLOOD** used the pistol as it was intended to be used.

36. **YOUNGBLOOD** used the subject pistol as an ordinary user would have been

8

expected use it.

37.     **YOUNGBLOOD** used the pistol in a reasonably foreseeable manner.

38.     **YOUNGBLOOD** did not misuse or tamper with the product.

39.     The subject pistol was defective and unreasonably dangerous when it was sold by Defendant, and at the time it left Defendant's possession and control.  The pistol was expected to reach the Plaintiff without substantial change affecting this condition.  The subject pistol reached the Plaintiff in the substantially same condition it was when it left Defendant's possession.

40.     Prior to February 21, 2021, **YOUNGBLOOD** had no knowledge of the defective condition of the subject pistol, and had no reason to suspect that the pistol was unreasonably dangerous or did not function according to its intended design prior to the unexpected discharge of the pistol.

41.     The defective condition of the subject pistol was the proximate and sole cause of **YOUNGBLOOD'S** permanent and disabling injuries.

42.     As a direct and proximate result of the Defendant's conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, and all other damages allowable under Texas law.

43.     Therefore, Plaintiff requests that this Court enter judgment against Defendant for damages, plus costs, such interest and any other damages as may be allowed by law and demands a trial by jury of all issues so triable.

9

## COUNT III
### STRICT LIABILITY - DESIGN DEFECT

44.     Plaintiff restates all of the preceding allegations as if fully restated herein.

45.     Defendants were engaged in the business of designing, manufacturing, testing, inspecting, importing, distributing, and selling firearms, and did in fact, design, manufacture, test, inspect, distribute, sell and place into the stream of commerce the subject pistol, knowing and expecting that the pistol would be used by consumers and members of the public.

46.     Defendants designed, tested, developed, manufactured, marketed, advertised, distributed, and sold the subject pistol in a defective condition that was unreasonably dangerous to the user who utilized it as Defendant expected it to be used and as it was used by **YOUNGBLOOD** on February 21, 2021.

47.     Among the defects in the pistol is its propensity to fire on slide release even when the trigger is not pulled.  A safer alternative design existed at the time the producted was manufactured.  The safer alternative design would have prevented or significantly reduced the risk of the **YOUNGBLOOD'S** injuries, without substantially impairing the product's utility.  Furthermore, the safer alternative design was economically and technologically feasible at the time the product left the control of **WILSON COMBAT** by the application of existing or reasonably achievable scientific knowledge

48.     Defendant knew, or in the exercise of reasonable care and investigation should have known, of the pistol's propensity to unexpectedly discharge on slide release without a trigger pull.

49.     The subject pistol is defective because of the design defect (i.e. the above described

10

safety defects) and was in a condition that posed an unreasonable risk of injury to users, including **YOUNGBLOOD**, when the pistol was used as it was intended, in a foreseeable manner and in as ordinary user would expect, and therefore it is not safe or suitable for its intended purpose.

50.     The subject pistol was defective and unreasonably dangerous when it was sold by Defendant, and at the time it left the Defendant's possession and control. The pistol was expected and did reach **YOUNGBLOOD** without substantial change affecting this condition.

51.     Prior to February 21, 2021, **YOUNGBLOOD** had no knowledge of the defective condition of the subject pistol and had no reason to suspect that the pistol was unreasonably dangerous prior to the unexpected discharge of the pistol.

52.     The defective condition of the subject pistol was the proximate and sole cause of **YOUNGBLOOD'S** terrible, disabling and permanent injuries.

53.     As a direct and proximate result of Defendant's conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, and all other damages allowable under Texas law.

54.     Therefore, Plaintiff requests that this Court enter judgment against Defendant for damages, plus costs, such interest and other damages as my be allowed by law and demands a trial by jury of all issues so triable.

## COUNT IV
## STRICT LIABILITY - MARKETING DEFECT

55.     Plaintiff restates all of the preceding allegations as if fully restated herein.

11

56.     The subject pistol was defective and unreasonably dangerous because there was no warning that the pistol would discharge on slide release with no trigger pull.

57.     The defective condition and because of the failure to warn, the subject pistol was the proximate and sole cause of **YOUNGBLOOD'S** terrible, disabling and permanent injuries.

58.     As a direct and proximate result of Defendant's conduct described herein, Plaintiff has suffered harm therefrom, including harm and injuries, physical and mental pain and suffering, medical bills associated with the injuries sustained, and all other damages allowable under Texas law.

59.     Therefore, Plaintiff requests that this Court enter judgment against Defendant for damages, plus costs, such interest and other damages as my be allowed by law and demands a trial by jury of all issues so triable.

## DAMAGES

60.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, has incurred the following damages:

a.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services rendered in East Texas;

b.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

12

c.      Physical pain and suffering in the past;

d.      Mental anguish in the past;

e.      Physical pain and suffering in the future;

f.      Mental anguish in the future;

g.      Physical impairment in the past;

h.      Physical impairment which, in all reasonable probability, will be suffered in the future;

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the court and for which this lawsuit is brought.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have:

1.      Judgment against Defendant for Plaintiff's damages as set forth above, in an amount within the jurisdiction limits of this Court;

2.      Interest on Judgment at the highest legal rate from the date of Judgment until paid;

3.      Pre-Judgment interest at the highest legal rate on Plaintiff's damages as allowed by law;

4       Costs of Court; and

5.      Such other and further relief to which Plaintiff may be justly entitled and for which Plaintiff will ever pray.

13

Respectfully submitted,

PHENIX & CRUMP, PLLC
118 S. MAIN
POST OFFICE BOX 1005
HENDERSON, TEXAS 75654
903/657-3595
903/657-3598 - FACSIMILE
J. R. "RUSTY" PHENIX
State Bar No. 15908300
CARY CRUMP
State Bar No. 90001754

BY:     _/s/ J. R. "Rusty" Phenix_
        J. R. "Rusty" Phenix
        Attorney for Plaintiff

**PLAINTIFF HEREBY RESPECTFULLY DEMANDS A JURY TRIAL**

14